UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NINGBO HOMEXPO COMPANY, LTD.,

                    Plaintiff,                **REPORT AND RECOMMENDATION**

     - v -

                                       CV-07-3859 (FB)(VVP)

UNITED B INTERNATIONAL CORP., et al.,

                    Defendants.
------------------------------------------------------------x

At the suggestion of Judge Block, the plaintiff filed a letter motion addressed to me requesting a conference with the court in order to enforce the settlement agreement that disposed of this action. At a conference held by telephone on March 25, 2009, disagreement arose about the terms of the settlement and whether the plaintiff's failure to live up to its obligations under the agreement justified any breach of the agreement by the defendants. The court accordingly scheduled a hearing to receive testimony and other evidence bearing on the terms of the agreement and any breaches of it.

A hearing was thereafter held on April 17, 2009 at which evidence was presented by the parties. A transcript of the proceeding was prepared and has now been filed as docket entry 28. At the close of the evidence, I made factual findings and conclusions as reflected at pages 51 to 54 of the transcript. Stated briefly, I concluded that the defendants had breached their obligations under the agreement, that the plaintiff had not breached any obligations under the agreement that would justify the defendants' non-performance, and that pursuant to the terms of the agreement the amount of $129,153.08 was due and payable to the plaintiff by the defendants. In so concluding, the court rejected the defendants' argument that the plaintiff's failure to honor a subsequent joint venture agreement between the parties justified the defendants non-performance because there was nothing in writing, as required by the settlement agreement, to suggest that any such joint venture agreement would affect the obligations set forth in the settlement agreement.

As I do not have dispositive authority, I am unable to issue any order enforcing the settlement agreement, but rather may only recommend action to be taken by the court. *See*

*generally* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Ordinarily, a federal court does not have ancillary jurisdiction to enforce the terms of a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 114 S. Ct. 1673, 1675-76 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Thus, a party wishing to enforce a settlement agreement is relegated to the state courts, unless there is an independent basis for subject matter jurisdiction or there exists some indication that the court has retained jurisdiction over the case for that purpose. *Kokkonen*, 511 U.S. at 381-82. Such an indication may be found when a retention of jurisdiction is embodied in a settlement contract which is part of the court's dismissal order. *Id.*

Here, the court continues to possess subject matter jurisdiction to enforce the settlement agreement. First, an independent basis for jurisdiction exists because the parties are completely diverse (the plaintiff is a citizen of China and all defendants are citizens of New York) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2). Second, the settlement agreement that was filed with the court contained a clause providing the court with jurisdiction to enforce the settlement, *see* Stipulation and Order of Settlement, Dkt. E. 22, ¶ 5 (last sentence), and the court's dismissal order referred to, and thus arguably endorsed, the settlement agreement, *see* Dkt. E. dated 9/18/2008. To the extent there may be ambiguity about whether the court retained jurisdiction, the ambiguity should be resolved in favor of retention because that was the intent of the parties and was likely an incentive for one side or the other to agree to the settlement. Giving effect to the clause would therefore encourage parties in the future to reach settlements where retention of jurisdiction was important.

Accordingly, I recommend that the court enter an order enforcing the settlement agreement by granting judgment in the amount of $129,153.08 to the plaintiff against the defendants.

\*         \*         \*         \*         \*         \*

Any objections to this Report and Recommendation must be submitted to Judge Block within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report

and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155 (1985);  *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          May 4, 2009