```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                            IN CLERK'S OFFICE        ORIGINAL
                                                     U.S. DISTRICT COURT E.D.N.Y.
------------------------------------------------------x   ★  AUG 1 0 2009  ★
NINGBO HOMEXPO COMPANY, LTD.,                           BROOKLYN OFFICE

                      Plaintiff,
        -against-                                       MEMORANDUM AND ORDER
                                                        Case No. 07-CV-3859 (FB) (VVP)
UNITED B INTERNATIONAL CORP.,
CROSCILL CLASSIC Inc., and SAMUEL
LANIADO,

                      Defendants.
------------------------------------------------------x
```

*Appearances:*
For the Plaintiff:                              For the Defendants:
JEFFREY J. WILD, ESQ.                           MARTIN KURLANDER, ESQ.
Lowenstein Sandler P.C.                         Law Offices of Martin Kurlander
1251 Avenue of the Americas, 18th Floor         32 Court Street, No. 602
New York, New York 10020                        Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Plaintiff Ningbo Homexpo Company, Ltd. seeks enforcement of a written settlement agreement dated September 18, 2008, and "so ordered" by the Court on the same date. The Court referred the matter to the assigned magistrate judge. On May 4, 2009, Magistrate Judge Pohorelsky issued a Report and Recommendation ("R&R") recommending that plaintiff be awarded $129,153.08, representing the outstanding amount due under the settlement agreement.

The R&R warned that failure to file objections within ten days of receipt "waives the right to appeal any judgment or order entered by the District Court in reliance on this [R&R]." R&R at 2-3. According to the docket, all parties received electronic notice

of the R&R on the date it was filed, May 4, 2009. No objections to the R&R have been filed, and the ten-day window to file objections has elapsed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2009